IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARKUS TRUVELL YEARBY,

    Plaintiff,                    No. CIV S-07-2800 LEW DAD P

    vs.

CA DEP'T OF CORRECTIONS, et al.,

    Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff has named as defendants Warden Felkner; the Director of Corrections for the State of California John Doe 1; Chief Medical Officer at High Desert State Prison ("HDSP") John Doe 2 ; Physician Assistant G. Dudley; and Dr. M. Horensten. In short, plaintiff alleges that while confined at HDSP he suffered from a number of ailments and injuries but was denied treatment or provided inadequate medical treatment in every instance.

1   Specifically, plaintiff alleges as follows. On December 15, 2007, he was seen by
2   Dr. Horensten for a new arrival assessment but was not allowed to explain his medical history
3   and concerns regarding chest pains he was suffering. Instead, Dr. Horensten merely listened to
4   his lungs, touched his chest and diagnosed him as having a muscle strain. Plaintiff told him that
5   doctors at his previous institution had given a preliminary diagnosis of inflammation or irritation
6   of the lung lining, prescribed him Motrin for the pain, and scheduled a follow-up appointment
7   which plaintiff missed because of his transfer. Dr. Horensten told plaintiff he would have to fill
8   out a 7362 for additional medical services and did not order any tests or renew any of plaintiff's
9   medications at that time, causing plaintiff mental and physical injury.

10   After submitting an administrative appeal regarding Dr. Horensten's conduct,
11  plaintiff met with Nurse Miller about his chest pains. She ordered a mere chest x-ray instead of
12  an ultrasound, sonogram or M.R.I. and re-ordered Motrin and plaintiff's other medications while
13  scheduling a follow-up appointment for plaintiff in sixty days. Despite the scheduled follow-up
14  and his submission of numerous medical request forms, plaintiff did not see a doctor from April
15  7, 2007 through August 24, 2007. During that time, plaintiff's chest pains became worse and he
16  experienced swelling of his throat.

17   On August 24, 2007, plaintiff finally had an appointment with Dr. French at
18  which time plaintiff explained that his medication had run out. Dr. French ordered a blood test,
19  informed plaintiff that he had been removed from the chronic care schedule, and told him she
20  would address his chest pains and other medical issues at a follow-up appointment in two weeks.
21  However, that appointment never took place. Instead, plaintiff was not seen by a doctor until
22  September 25, 2007, when he saw Dr. Roche for a chronic care appointment. Dr. Roche told
23  plaintiff that there was a blood test order in plaintiff's medical file but it had never been
24  submitted. Dr. Roche diagnosed plaintiff as merely suffering from a post-nasal drip that was
25  causing both his sore throat and his chest pain and prescribed Nasonex, but that prescription was
26  never given to plaintiff.

4

After filing another administrative appeal regarding the lack of adequate medical treatment and the submission of another medical request form, on October 17, 2007 plaintiff was seen by Physician's Assistant Dudley who addressed none of his medical concerns, provided no medical treatment for plaintiff's condition but instead became defensive regarding plaintiff's complaints regarding the inadequate care he was receiving.  After submitting another request for medical attention, plaintiff received an appointment with Nurse Waterman who, upon examination, noticed his skin condition and took a culture from one of the bumps which she sent to the lab.  Nurse Waterman also ordered an x-ray of plaintiff's shoulder, wrote an order for physical therapy and for reasonable modification of accommodations, prescribed Tylenol with codeine for the pain and ordered a follow-up appointment in one week.  Plaintiff never received the shoulder x-ray or physical therapy and the follow-up appointment did not take place.  Nurse Waterman subsequently re-ordered both and informed plaintiff that his skin condition was the result of a bacteria strain for which she ordered a stronger antibiotic.

Plaintiff alleges that he received no further medical care at HDSP for any of his conditions and was then transferred to Corcoran State Prison.  Plaintiff claims that he was transferred because staff at HDSP wanted to avoid both treating him and addressing his administrative appeals.  Plaintiff seeks declaratory relief, a permanent injunction, compensatory damages, punitive damages, costs of the suit, and such other relief that the court deems just, proper, and equitable.

Despite their length, the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

5

defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In his complaint plaintiff refers to John Doe 1 and John Doe 2 as defendants. If plaintiff elects to file an amended complaint, he is advised that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). . Plaintiff is advised that the court cannot order service of a complaint on defendants not actually named. Plaintiff must identify all defendants in the caption of his pleading and name all defendants with their position and place of employment in the section of the form designated for that purpose.

In addition, in the section of the complaint in which plaintiff is required to set forth a brief statement of the facts of the case, he must describe how each defendant has deprived him of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). For example, plaintiff lists the Director of the Department of Corrections and Rehabilitation, Warden Felkner, and the Chief Medical Officer at HDSP as defendants in this action. However, plaintiff has not included any specific allegations regarding the conduct of these defendants in his complaint. Moreover, as noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. Plaintiff must allege in specific terms how each of these defendant was involved in the denial of his medical care. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual

6

punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In his amended complaint, plaintiff must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference."  For example, although plaintiff disagreed with diagnoses or courses of treatment prescribed by defendants Horensten and Dudley, plaintiff has not alleged sufficient facts to state a cognizable claim for inadequate medical care against these defendants.  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff has filed two letters with the court suggesting that prison officials are not allowing him access to the prison law library or to his personal legal materials.  Plaintiff has not named the prison officials who have engaged in these alleged actions.  Plaintiff is advised that this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  If

plaintiff continues to experience difficulty in gaining access to the prison law library or has not yet received his legal materials, he should file an administrative grievance at his institution and seek relief directly from prison officials. Cal. Code Regs. tit. 15, § 3084.1(a) (a prisoner may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 28, 2008 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 11, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
shac1860.14a