IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARKUS TRUVELL YEARBY,

    Plaintiff,                        No. CIV S-07-2800 JAM DAD P

    vs.

CA DEP'T OF CORRECTIONS, et al.,

    Defendants.                 ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are various motions filed by plaintiff.

**MOTION FOR RECONSIDERATION AND MOTION TO AMEND**

        By way of background, on April 14, 2008, the court found that plaintiff's first amended complaint appeared to state cognizable claims against defendant Dudley. Shortly thereafter, the court ordered the United States Marshal to serve plaintiff's complaint on the defendant. On July 29, 2008, defendant Dudley filed an answer to the complaint.

        On September 24, 2008, plaintiff filed a motion to amend his complaint, together with a proposed second amended complaint. Defendant Dudley filed a statement of non-opposition to plaintiff's motion. The court, however, denied plaintiff's motion without prejudice

/////

1

and ordered him to file a new motion to amend, together with a proposed third amended complaint that demonstrated compliance with the California Tort Claims Act presentation requirement.

In accordance with the court's order, plaintiff filed a new motion to amend, together with a proposed third amended complaint. Defendant Dudley again filed a statement of non-opposition to plaintiff's motion to amend, and the court granted plaintiff's motion and filed plaintiff's third amended complaint.

Shortly thereafter, plaintiff filed another third amended complaint. The court advised plaintiff that the filing of another third amended complaint was unnecessary and that the court granted his motion to amend based on the allegations in his proposed third amended complaint. The court ordered plaintiff's most recently filed third amended complaint stricken.

Plaintiff has since filed a motion for reconsideration of the court's order striking his most recently filed third amended complaint. Therein, he claims that his proposed third amended complaint was a "rough draft" and his most recently filed third amended complaint was the final draft. He has also filed a separate motion to allow the case to proceed on his most recently filed third amended complaint. Since filing these motions, however, plaintiff has filed yet another motion to amend, together with a proposed fourth amended complaint.

In light of plaintiff's motion to amend, the court will deny plaintiff's motion for reconsideration and motion to allow the case to proceed on plaintiff's most recently filed third amended complaint as moot. With regards to plaintiff's motion to amend, the court finds that plaintiff's proposed fourth amended complaint appears to state cognizable claims against defendant Dudley and adds some clarity to his factual allegations. For these reasons, and in light of the confusion surrounding plaintiff's previously filed amended complaints, the court will grant plaintiff's motion to amend and allow the case to proceed on plaintiff's fourth amended complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

1    Plaintiff is advised, however, that he need not seek leave to amend his complaint
2 each time he believes he can further clarify certain factual allegations or technical aspects of his
3 complaint.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
4 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
5 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
6 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Here, plaintiff's fourth amended complaint
7 appears to state cognizable claims against defendant Dudley and complies with Rule 8(a)(2).  As
8 such, plaintiff should proceed on his fourth amended complaint and move forward with
9 discovery of his claims.  Plaintiff is cautioned that if he continues to seek leave to amend as he
10 has done so recently, the court will begin to question whether plaintiff is intentionally delaying
11 this case and whether he is willing to diligently prosecute this action as he is required to do.

## MOTIONS FOR COURT ASSISTANCE

13    Plaintiff has filed two motions for court assistance.  First, plaintiff appears to seek
14 court assistance in obtaining a copy of his deposition transcript in order to amend any answers
15 that were unclear or incorrectly expressed.  Plaintiff alleges that he believed he would be given
16 an opportunity to make corrections to the transcript, but the firm that recorded the deposition
17 refused to provide him with a copy of it without him paying for it first.
18     On January 30, 2009, defense counsel took plaintiff's deposition.  If plaintiff
19 timely requested an opportunity to review his deposition transcript to make corrections, he
20 should have been allowed to do so.  <u>See</u> Fed. R. Civ. P. 30(e).  Unfortunately, plaintiff did not
21 file this motion until nearly six months after his deposition was taken.  As a practical matter,
22 plaintiff's deposition has likely been finalized, and the court will not order its re-opening for
23 plaintiff's corrections.  To the extent that the defendant relies on his deposition testimony in any
24 forthcoming motion for summary judgment, plaintiff may file with his opposition a declaration
25 signed under penalty of perjury explaining why the portions of the deposition testimony that the
26 defendant relies on are inaccurate or incomplete.  Plaintiff is strongly cautioned, however, that

the court will not allow him to rewrite deposition testimony. "While the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." Hambleton Bros. Lumber Co. v. Balkin Enters., 397 F.3d 1217, 1224-26 (9th Cir. 2005).

Plaintiff also appears to seek court assistance to allow him to communicate with a potential witness. Plaintiff explains that he is usually only able to communicate with immediate family. However, he emphasizes that the individual he seeks to communicate with is a material witness.

In his motion, plaintiff has not listed the potential witness' name, stated whether the potential witness is incarcerated, or explained why he believes he needs to communicate with this witness. Nor has plaintiff indicated that he has sought permission from prison officials to communicate with this witness but has been denied such permission. Moreover, at this time, defendant Dudley has not answered plaintiff's fourth amended complaint and discovery is still ongoing. In this regard, plaintiff's request for assistance to communicate with any potential witness is premature.

**MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has filed what appears to be a motion for preliminary injunctive relief. Therein, plaintiff appears to seek a court order to bar prison officials from interfering with his legal affairs. Plaintiff claims that prison officials, particularly correctional officer Vela Lopez, have lied about his access to the law library and PLU status. Plaintiff claims that prison officials have also held documents from him for an unreasonable amount of time and tampered with his mail. Finally, plaintiffs asserts that prison officials have issued false charges against him.

Plaintiff is advised that all motions for preliminary injunctive relief are defective unless they comply with the Local Rules of Court. See Local Rule 65-231. In addition, plaintiff may only seek injunctive relief against individuals who are named as defendants in this action.

This court is unable to issue an order against Officer Lopez or individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Finally, plaintiff's vague and conclusory allegations do not appear to state any cognizable constitutional claims. Nor has plaintiff demonstrated that he is likely to suffer irreparable harm without a court order. For example, although plaintiff alleges that prison officials are interfering with his legal affairs, he does not appear to be having difficulty accessing the court. As described above, plaintiff has filed multiple motions to amend and proposed amended complaints. He has also filed discovery motions and other miscellaneous requests for relief. Finally, at this time, the court notes that plaintiff is under no obligation to file anything in this case.

For these reasons, plaintiff has failed to show that he is entitled to preliminary injunctive relief. Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'") (quoting Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 14, 2009 motion for reconsideration (Doc. No. 53) is denied as moot;

2. Plaintiff's July 6, 2009 motion to allow the case to proceed on his most recently filed third amended complaint (Doc. No. 56) is denied as moot;

3. Plaintiff's July 21, 2009 motion to amend (Doc. No. 58) is granted. The case shall proceed on plaintiff's July 21, 2009 fourth amended complaint;

/////

4.  Plaintiff's May 26, 2009 motion for court assistance in obtaining a copy of his deposition transcript (Doc. No. 54) is denied;

5.  Plaintiff's June 4, 2009 motion for court assistance to allow him to communicate with a potential witness (Doc. No. 55) is denied;

6.  Plaintiff's July 20, 2009 motion for preliminary injunctive relief (Doc. No. 57) is denied without prejudice; and

7.  Within thirty days of the date of this order, defendant Dudley shall file an answer to plaintiff's July 21, 2009 fourth amended complaint.

DATED: August 31, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
year2800.mta(4)