1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARKUS TRUVELL YEARBY,

11                Plaintiff,                    No. 2:07-cv-02800 JAM KJN P

12        vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
14                                     ORDER and
                 Defendants.           FINDINGS AND RECOMMENDATIONS
15
     _____/
16

17        Plaintiff is a state prisoner incarcerated at California State Prison-Corcoran

18   ("CSP-C"), who proceeds without counsel and in forma pauperis in this civil rights action filed

19   pursuant to 42 U.S.C. § 1983.  This action was reassigned to the undersigned on February 9,

20   2010.[1]

21        Presently pending for decision by this court are: (1) the motion of the sole

22   remaining defendant, Gillian Dudley, to dismiss plaintiff's state tort and state constitutional

23   claims (Dkt. No. 62); (2) plaintiff's motion for leave to file a Fifth Amended Complaint (Dkt.

24   No. 77); (3) plaintiff's motion for leave to file a Supplemental Complaint (Dkt. No. 86); and

25   _____

26        [1]  This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C.
     § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

                                            1

1  (4) plaintiff's "Request for Intervention" to obtain preliminary injunctive relief (Dkt. No. 82).

2  Plaintiff has filed an opposition to defendant's motion to dismiss (Dkt. No. 72), and defendant

3  has filed oppositions to plaintiff's motions (Dkt. No. 83, 94).

4  I.  BACKGROUND

5  　　　　　This case proceeds on plaintiff's Fourth Amended Complaint (Dkt. No. 59)

6  against defendant Dudley, a physician's assistant at High Desert State Prison ("HDSP"), based on

7  claims of deliberate indifference to plaintiff's medical needs associated with a shoulder injury

8  and a skin infection.  Plaintiff alleges that while he was incarcerated at HDSP, defendant not only

9  failed to provide plaintiff with adequate medical care, but also failed to arrange for reasonable

10  accommodations relative to plaintiff's medical needs, thereby allegedly resulting in plaintiff's

11  inability to perform routine daily activities, e.g., plaintiff was unable to comply with the

12  administrative segregation requirement of cuffing behind the back and was therefore denied

13  access to shower facilities.  Plaintiff's claims are based on his October 17, 2007 medical

14  appointment with Dudley and the 27 days thereafter, when plaintiff asserts he then obtained

15  adequate care.  Plaintiff further alleges that defendant acted in retaliation against him because

16  plaintiff had exercised his right to complain, both informally and through the administrative

17  grievance process, about prior alleged inadequate medical care.

18  　　　　　The complaint alleges that defendant's actions constituted cruel and unusual

19  punishment in violation of the Eighth Amendment to the United States Constitution and Article I,

20  section 17, of the California Constitution, and the complaint contains a state tort claim of

21  negligence characterized as "willful malicious failure to furnish, provide or summon immediate

22  medical care . . . [in] violation of medical malpractice under the California Tort Claims Act" for

23  which plaintiff "seeks redress under its statute Section 810 of the California Government Code."

24  (Dkt. No. 59, at 8.)  Plaintiff seeks damages and injunctive relief directing prison officials to

25  allow plaintiff to engage in activities related to this litigation and to refrain from retaliation

26  against plaintiff and other inmates assisting plaintiff.  (Id. at 9-10.)

1    The following chronology is relevant to defendant's motion to dismiss and

2  plaintiff's motions seeking further leave to amend and supplement his complaint:

3    1.  Commencing October 17, 2007, defendant Dudley allegedly violated plaintiff's

4  constitutional rights.  (Dkt. No. 59, at 3-4.)

5    2.  On December 28, 2007, plaintiff filed the instant action alleging deliberate

6  indifference by Dudley and others.  (Dkt. No. 1, at 13-14.)

7    3.  On March 17, 2008, plaintiff submitted a claim pursuant to the California Tort

8  Claims Act ("CTCA" or "Act"), Sections 810, et seq.[2]  The claim was presented to the California

9  Victim Compensation and Government Claims Board ("VCGCB").  As to defendant Dudley, the

10  claim was made within the six-month limitation period of Section 911.2.[3]  (The claim is

11  referenced at Dkt. No. 38-2, at 32; Dkt. No. 59, at 31; however, a copy of the claim has not been

12  provided.)

13    3.  On April 4, 2008, plaintiff filed his First Amended Complaint, limited to

14  challenging the conduct of defendant Dudley commencing October 17, 2007.  (Dkt. No. 11.)

15    4.  On May 7, 2008, the court ordered service of plaintiff's First Amended

16  Complaint upon defendant Dudley (Dkt. No. 17); Dudley filed an executed waiver of service on

17  July 9, 2008 (Dkt. No. 21).

18    5.  On July 2, 2008, the VCGCB informed plaintiff that it would act on his claim

19  on August 21, 2008.  (Dkt. No. 38-2 at 32.)

20    6.  On July 29, 2008, defendant filed her Answer to the First Amended Complaint,

21  asserting generally in her Fifth Affirmative Defense that "Plaintiff has failed to file a timely

22  claim with the Victim Compensation and Government Claims Board."  (Dkt. No. 23, at 3.)

23  ─────────────

24    [2]  Unless otherwise noted, references to "Section" refer to the California Government
Code.

25    [3]  Section 911.2(a) provides in pertinent part that "[a] claim relating to a cause of action
for death or for injury to person . . . shall be presented as provided in Article 2 (commencing with

26  Section 915) not later than six months after the accrual of the cause of action."

3

1        7.  On August 29, 2008, plaintiff was informed by the VCGCB that his claim had

2 been rejected at a hearing held August 21, 2008.  (Dkt. No. 38-2, at 34.)

3        8.  On September 24, 2008, plaintiff sought leave to file a Second Amended

4 Complaint in order to allege pendant state claims, and filed a proposed Second Amended

5 Complaint.  (Dkt. Nos. 31, 32.)  The court directed defendant to file an opposition or statement

6 of non-opposition.  (Dkt. No. 33.)  Defendant filed a statement of non-opposition.  (Dkt. No. 36.)

7        9.  On October 24, 2008, this court denied without prejudice plaintiff's motion to

8 amend his complaint.  (Dkt. No. 37.)   The court found that plaintiff had neither pled nor

9 demonstrated compliance with the CTCA claims presentation requirements, and ruled as follows

10 (Dkt. No. 37, at 2):

11     [P]laintiff's motion to amend will be denied without prejudice.  In the interest of
justice, the court will allow plaintiff thirty days to file a new motion to amend,

12     together with a third amended complaint that pleads or otherwise demonstrates
compliance with the CTCA claims presentation requirement.  In the alternative, if

13     plaintiff has not presented his state law claim to the state Victim Compensation
and Government Claims Board, the court will allow plaintiff to file a request to

14     proceed on his first amended complaint.

15        10.  On November 20, 2008, plaintiff timely filed a new motion to amend his

16 complaint and filed a proposed Third Amended Complaint.  (Dkt. No. 38.)  The court again

17 directed defendant to file a statement of opposition or non-opposition (Dkt. No. 40); defendant

18 filed a statement of non-opposition (Dkt. No. 41).  The court granted plaintiff's motion on

19 March 26, 2009 (Dkt. No. 49), and the case then proceeded on plaintiff's Third Amended

20 Complaint (Dkt. No. 38).  The complaint alleged in pertinent part that "[p]laintiff has . . .

21 filed . . . a claim with the California Victim Compensation & Government Claims Board."  (Dkt.

22 No. 38, at 6.)  Attached to that complaint are the above-noted VCGCB documents.

23        11.  Defendant answered the Third Amended Complaint on April 3, 2009,

24 asserting in her Sixth Affirmative Defense that "[p]laintiff has failed to file a timely claim with

25 the Victim Compensation and Government Claims Board."  (Dkt. No. 50, at 3.)

26 ////

1    12.  On July 21, 2009, plaintiff again sought leave to further amend his complaint

2  (Dkt. No. 58) and filed a proposed Fourth Amended Complaint (Dkt. No. 59).  The motion was

3  granted by order filed September 1, 2009.  (Dkt. No. 61.)  The court reasoned that the complaint

4  "add[ed] some clarity to [plaintiff's] factual allegations," complied with the pleading

5  requirements of Federal Rule of Civil Procedure 8(a)(2), appeared to state cognizable claims

6  against defendant Dudley, and resolved some "confusion surrounding plaintiff's previously filed

7  amended complaints."  (Id. at 2-3.)  The Fourth Amended Complaint again challenged the

8  conduct of defendant Dudley commencing October 17, 2007, and alleges in pertinent part that

9  "[p]laintiff filed a Claim with the California Victim Compensation & Government Claims Board

10  on 3/12/08 presenting the facts of this Complaint to obtain redress. . ."(Id. at 7.)  Attached to the

11  complaint is the above-noted correspondence from the VCGCB.  (Dkt. No. 59, at 30-31.)

12    13.  On September 16, 2009, defendant filed the instant motion to dismiss.  (Dkt.

13  No. 62.)

14    14.  The court granted both of plaintiff's requests to extend time within which to

15  file his opposition to defendant's motion (Dkt. Nos. 64, 71), which plaintiff ultimately filed on

16  November 5, 2009 (Dkt. No. 72).

17    15.  Pending the court's decision on defendant's motion to dismiss, plaintiff filed

18  a motion to further amend his complaint (Dkt. No. 77) and a proposed Fifth Amended Complaint

19  (Dkt. No. 76), and a motion for leave to file a Supplemental Complaint (Dkt. No. 86) and a

20  proposed Supplemental Complaint (Dkt. No. 87).

21  II.  MOTION TO DISMISS

22    Defendant moves to dismiss both of plaintiff's state law claims.  Defendant's

23  motion as to plaintiff's tort claim is made pursuant to Federal Rule of Civil Procedure 12(b)(6)

24  for failure to state a claim, while defendant's motion as to plaintiff's constitutional claim is

25  premised on the contention that there exists no private right of action.

26  ////

A.  Legal Standards

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949).  The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff."  County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n. 1 (9th Cir. 2009).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defects.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of

1    Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  However,

2    under the "incorporation by reference" doctrine, a court may also review documents "whose

3    contents are alleged in a complaint and whose authenticity no party questions, but which are not

4    physically attached to the [plaintiff's] pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th

5    Cir. 2005) (citation omitted and modification in original).  The incorporation by reference

6    doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a

7    document, the defendant attaches the document to its motion to dismiss, and the parties do not

8    dispute the authenticity of the document, even though the plaintiff does not explicitly allege the

9    contents of that document in the complaint."  Id.

10           B.  California Tort Claims Act

11           Defendant contends that plaintiff's state law tort cause of action must be

12   dismissed because, at the time plaintiff initiated this action, he had not complied with the claim

13   presentation requirements of the California Tort Claims Act, as set forth in California

14   Government Code Sections 810, et seq.  Relying on Munoz v. California, 33 Cal. App. 4th 1767,

15   1776 (1995), and State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004),

16   defendant asserts that such compliance required that plaintiff's tort claim be presented to, and

17   rejected by, the state before plaintiff filed his initial complaint.

18           Pursuant to the express terms of Section 945.4,[4] a damages action cannot be

19   brought against a public entity or one of its employees unless the plaintiff first presents a timely

20   claim to the public entity and such claim is acted upon or the time for doing so has expired.  "The

21

22           [4]  Section 945.4 provides in pertinent part (emphasis added):

23           Except as provided in [inapplicable exceptions] . . . *no suit for money or damages*
             *may be brought* against a public entity on a cause of action for which a claim is
24           required to be presented in accordance with Chapter 1 (commencing with Section
             900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until*
25           *a written claim therefor has been presented to the public entity and has been*
             *acted upon by the board, or has been deemed to have been rejected* by the board,
26           in accordance with Chapters 1 and 2 of Part 3 of this division.

Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." Munoz, 33 Cal. App. 4th at 1776.  Compliance with the claim presentation requirement constitutes an element of a cause of action for damages against a public entity. Bodde, 32 Cal. 4th at 1244.  "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." Id. at 1239 (fn. omitted), 1243.  Bodde overruled an appellate court decision which had found adequate the tort claims asserted against the state in a prisoner's third amended complaint despite the plaintiff's failure to allege compliance with the Tort Claims Act.  See generally, State of California v. Superior Court, 130 Cal. Rptr. 2d 94 (finding that such compliance was merely procedural), overruled by Bodde, 32 Cal. 4th at 1245 (compliance is substantive).

Federal courts require compliance with the CTCA for pendant state law claims for damages against public entities or employees.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold v. California Public Utilities Commission, 67 F.3d 1470, 1477 (9th Cir. 1995).  Thus, state tort claims in a federal court action pursuant to 42 U.S.C. § 1983 must allege compliance with the claim presentation requirement.  United States v. California, 655 F.2d 914, 918 (9th Cir. 1980); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Notwithstanding these requirements, Bodde distinguished and approved a line of cases involving prematurely-filed complaints.  See generally, 32 Cal. 4th at 1243-44 (and cases cited therein).[5]  In one of the earliest cases cited with approval in Bodde, Cory v. City of

_____

[5]  See e.g., Radar v. Rogers, 49 Cal. 2d 243, 246 (1957); Cory v. City of Huntington Beach, 43 Cal. App. 3d 131, 133 (1974); Petersen v. City of Vallejo, 259 Cal. App. 2d 757, 768 (1968); Taylor v. City of Los Angeles,180 Cal. App. 2d 255, 258 (1960); Bell v. Tri-City Hosp. Dist., 196 Cal. App. 3d 438, 441-42 (1987); Bahten v. County of Merced, 59 Cal. App. 3d 101, 103-04 (1976); Savage v. State of California, 4 Cal. App. 3d 793, 794-95 (1970); Illerbrun v. Conrad, 216 Cal. App. 2d 521, 524 (1963).  The court in Bodde expressly disapproved language in Bell and Bahten which stated that compliance with the claim presentation requirement is not

8

Huntington Beach, 43 Cal. App. 3d 131 (1974), the plaintiff filed his personal injury suit only

two days after filing his tort claim.  The trial court granted defendant city's motion for summary

judgment on the ground that the action had been filed prematurely.  However, the California

Court of Appeal reversed, applying a test of substantial compliance.  The appellate court

concluded that the city had not been prejudiced by the premature filing of suit because the

complaint was not served until the period for rejection of the claim had expired.  "Thus the defect

had ceased to exist before the city was even formally notified that suit had been brought."  Id. at

136.  The court found "that the defense of prematurity, if timely raised, merely would have been

a ground for abatement of the action" before expiration of the city's time for rejecting the claim,

id., but the time had expired and such remedy was extinguished by the time the complaint was

served.  Cory nonetheless drew a distinction between the facts presented therein and cases in

which the plaintiff had failed to file a claim prior to commencing suit, thus resulting in "a total

frustration of the statutory purpose."  Id.

Similarly, Bahten v. County of Merced, 59 Cal. App. 3d 101, 103-04 (1976),

disapproved on other grounds, State v. Superior Court, 32 Cal.4th 1234, 1244 (2004), involved a

situation wherein the plaintiff had filed a complaint in state superior court against several

defendants, including the County of Merced ("county").  Only four days earlier, plaintiff had

petitioned the county for leave to file a late claim; the county took no action, and the petition was

deemed denied by operation of law 45 days thereafter.  § 911.6.  The superior court then granted

plaintiff's petition for an order relieving him from compliance with the claim presentation

requirement of Section 945.4.  Plaintiff filed an amended complaint alleging relief from such

compliance, re-alleging his tort cause of action against the county and adding another cause of

action.  However, the amended complaint was filed more than 30 days after the state court

////

an element of the cause of action against the public entity.  Bodde, 32 Cal. 4th at 1244.

9

1  granted the petition for relief and was therefore outside the time limit of Section 946.6(f).[6]  The

2  superior court granted the county's demurrer and motion to strike the amended complaint for

3  failure to state a cause of action.  The California Court of Appeal reversed.  The appellate court

4  rejected defendant's argument that there existed no cause of action against the county since "the

5  original complaint was a nullity because it did not state a cause of action, and it was superseded

6  with the filing of the amended complaint [which] . . . was also a nullity, because it was filed after

7  the expiration of the 30-day period."  Bahten, 59 Cal. App. 3d at 106.  The court agreed with

8  plaintiff that his original complaint, although prematurely filed, satisfied the time limitations of

9  Section 946.6 because it "was actually on file when the order granting such relief was made."  Id.

10  at 107.  The court reasoned that the policies underlying the CTCA had been met because the

11  county had received actual notice of plaintiff's claim four days before the complaint was filed.

12  Id. at 112.  Moreover, there was no evidence that the county's rights had been impaired or

13  prejudiced – the county "made no attempt to abate the prematurely filed action" and by the time

14  the county sought to strike the complaint, the defect therein had already been cured.  Id.

15          More recently, in Ramos v. Marcisz, 2008 WL 257292 (S.D. Cal. 2008),[7] the

16  plaintiff filed her wrongful death diversity action in federal court on the same day she filed a state

17  court petition for relief from CTCA's claim presentation requirement.  Both were filed after

18  expiration of the period for filing a claim pursuant to the CTCA, although plaintiff had

19  previously served a Notice of Intent to Commence Action on defendant Tri-City ("city").  The

20  state court granted plaintiff's requested relief on February 5, 2007.  Although denied initially, the

21  district court on reconsideration granted plaintiff's motion for leave to file an amended complaint

22  that included her tort allegations against the city.  After plaintiff filed her amended complaint on

23  _____

24      [6]  Section 946.6(f) provides:  "If the court makes an order relieving the petitioner from
    Section 945.4, suit on the cause of action to which the claim relates shall be filed with the court
    within 30 days thereafter."

25

26      [7]  Although this unpublished case is not precedential, the analysis contained therein is
    both illustrative and persuasive.

1    May 7, 2007, the city answered and moved for summary judgment on the ground that plaintiff's

2    amended complaint was untimely under Section 946.6(f) (see n. 6, supra) and could not be

3    deemed to "relate back" to her original complaint because the latter did not (and could not) allege

4    satisfaction of the claim presentation requirement of Section 945.4.  Relying on the Bodde

5    decision "reaffirming the prematurely filed complaint doctrine," id. at *6, the court in Ramos

6    rejected the city's arguments, finding that plaintiff's initial complaint "substantially complied

7    with the CTCA's statute of limitations."  2008 WL 257292, at *3.  The district court found that

8    the city had "received every substantive benefit of the CTCA to which it was entitled," because it

9    had "received ample notice, had an opportunity to investigate, and was actually named (and

10   served) in the original complaint."  Id. at *7.

11           This court's review of the cases cited in Bodde and other California tort cases

12   involving prematurely-filed complaints has failed to reveal a case, as here, where plaintiff filed

13   the original complaint before filing a timely tort claim and then amended his complaint to allege

14   a tort cause of action and plead compliance with the claim presentation requirements.  However,

15   the "substantial compliance" reasoning of these cases remains analogous.

16           Neither plaintiff's initial complaint herein (Dkt. No. 1), nor his First Amended

17   Complaint (Dkt. No. 11), alleged a state tort cause of action.  The court dismissed the initial

18   complaint for failure to state any claim (Dkt. No. 9), and construed the First Amended Complaint

19   to state a claim pursuant only to 42 U.S.C. § 1983 (Dkt. No. 12).  Plaintiff first alleged a state tort

20   cause of action in his proposed Second Amended Complaint, filed September 24, 2008.  (Dkt.

21   No. 32, at 3.)  In so doing, plaintiff complied with the deadlines for both filing a tort claim and

22   filing suit on such claim.

23           Plaintiff timely filed his tort claim on March 17, 2008, challenging conduct that

24   occurred on October 17, 2007.  § 911.2(a) (claim must be presented not later than six months

25   after the accrual of the cause of action).  Plaintiff was notified of the August 21, 2008 rejection of

26   his tort claim by letter dated August 29, 2008, which triggered the six-month period for filing a

court action.  § 945.6 (suit must be brought not later than six months after the date such notice is deposited in the mail).  Plaintiff acted swiftly.  He had until March 2, 2009, to "file suit."[8]  Yet, less than one month after receiving the rejection, on September 24, 2008, plaintiff sought leave to file his proposed Second Amended Complaint to state his tort cause of action.

Moreover, defendant twice acceded to plaintiff's request.  Defendant filed a statement of non-opposition to plaintiff's proposed Second Amended Complaint.  (Dkt. No. 36.)  The court, however, found that the proposed complaint failed to plead or demonstrate compliance with the claim presentation requirement and denied the motion without prejudice to plaintiff filing a new motion and a proposed Third Amended Complaint.  (Dkt. No. 37.)  On November 20, 2008, plaintiff timely filed a new motion and proposed Third Amended Complaint which satisfactorily alleged and demonstrated compliance with the CTCA.  (Dkt. No. 38.)  Defendant again filed a statement of non-opposition on December 2, 2008.  (Dkt. No. 41.)  The court granted plaintiff's motion on March 26, 2009.  (Dkt. No. 49.)  The case then proceeded on plaintiff's Third Amended Complaint until the court granted plaintiff's motion for leave to proceed on the now operative Fourth Amended Complaint.  (Dkt. Nos. 58, 59, 61.)  Thus, defendant was fully aware, at all times, of plaintiff's tort claim and agreed to its allegation in this action.

This case does not present the "relation back" issues presented in Wilson v. People By and Through Dept. of Public Works, 271 Cal. App. 2d 665, 669 (1969) ("the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence").  Accord, Harris v. Vector Marketing Corp., 2010 WL 56179, *3 (N.D. Cal. 2010) ("[a] subsequent pleading which sets out the subsequent performance of a condition precedent to suit cannot relate the time of performance of the condition back to the time of the

---

[8]  The six-month period ended on February 28, 2009, a Saturday, making the deadline the following Monday, March 2, 2009.  See Fed. R. Civ. P. 6(a)(1)(C) (if the last day of the period is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday).

filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence"); <u>Baas v. Dollar Tree Stores, Inc.</u>, 2009 WL 1765759, *5 (N.D. Cal. 2009); <u>Moreno v. Autozone, Inc.</u>, 2007 WL 1650942, *4+ (N.D. Cal. 2007) (all applying "no relation back" reasoning to the statutory conditions precedent to filing suit under the Private Attorney General Act, Cal. Labor Code §§ 2698, et seq.).  Unlike these cases, plaintiff herein does not seek to assign (and cannot so assign) his compliance with the claim presentation requirement to a prior date.  Rather, plaintiff merely seeks recognition of his timely compliance with the Act.

Finally, the court is cognizant that there is no discretion accorded to prematurely-filed complaints under the analogous Federal Tort Claims Act.  Overwhelmingly the cases construe 28 U.S.C. § 2675[9] as clear and mandatory, and require that exhaustion be demonstrated in the original complaint.  <u>United States v. McNeil</u>, 508 U.S. 106 (1993); <u>Jerves v. United States</u>, 966 F.2d 517 (9th Cir. 192); <u>Sparrow v. U.S.P.S.</u>, 825 F. Supp. 252 (E. D. Cal. 1993) (claim presented one day before filing of complaint); <u>Soto v. United States</u>, 2007 WL 2601411 (E.D. Cal. 2007) (claim filed more than one month after complaint); <u>Miller v. Mayers Memorial Hospital</u>, 2009 WL 3048690 (E.D. Cal. 2009) (claim filed one day after complaint), <u>Webster v United States</u>, 205 WL 3031154 (E.D. Cal. 2005) (claim filed more than three months after complaint).  These cases uniformly hold that a federal tort claim must be both presented and

_____

[9]  28 U.S.C. § 2675(a) provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

1   denied before a plaintiff institutes suit by filing his initial complaint, and that an amended

2   complaint will not be construed as "instituting" an action within the meaning of § 2675.  But see,

3   Duplan v. Harper, 188 F.3d 1195 (10th Cir. 1999) (court administratively closed case to permit

4   exhaustion of the tort claim (claim filed two days after the complaint was filed), then, after

5   administrative exhaustion of the claim, construed (with the government's consent) the amended

6   complaint as a new suit).  In contrast to these federal cases, with the exception of Duplan,

7   California courts have exercised discretion in assessing whether prematurely-filed actions have

8   "substantially complied" with CTCA's claim presentation requirement.

9          For the foregoing reasons and those that follow, the court finds that plaintiff

10  timely alleged his tort cause of action in the instant proceeding.  Had plaintiff filed a separate

11  state tort action against defendant, it would have been timely, and the proceeding could have

12  been properly consolidated with the instant § 1983 case.  The sequence of events herein appears

13  no more egregious than authorizing a suit filed only two days after the tort claim was filed, Cory,

14  supra, 43 Cal. App. 3d 131, or authorizing a suit filed contemporaneously with a request for

15  relief entirely from the claims presentations requirement, Ramos, supra, 2008 WL 257292.

16  Several factors support allowing plaintiff's suit based on a "substantial compliance" analysis:

17  (1) plaintiff's tort claim was itself timely filed, thus timely informing defendant of the claim for

18  purposes of investigation and settlement, satisfying the underlying purposes of CTCA's claim

19  presentation requirement; (2) defendant twice filed statements of nonopposition to plaintiff's

20  requests to amend his complaint to add his state law claims; and (3) neither plaintiff's Third

21  Amended Complaint nor the instant Fourth Amended Complaint reflect any defects in plaintiff's

22  pleading as to his tort claim.  To permit plaintiff's tort claim in this action supports rather than

23  undermines the purpose and compliance requirements of the California Tort Claims Act.

24  Plaintiff was required to comply, and did timely comply, with the requirements of the Act, and

25  has so plead.  Dismissal for failure to state a cause of action would be fundamentally unfair under

26  ////

1  these circumstances.  Additionally, the facts of this case are sufficiently unique that permitting

2  plaintiff's tort claim will not open a floodgate of similar cases.

3          The court will therefore recommend that defendant's motion to dismiss plaintiff's

4  state tort cause of action be denied.

5          C.  California Constitution

6          Defendant also seeks to dismiss plaintiff's claim that defendant's actions violated

7  plaintiff's state constitutional right to be free from cruel or unusual punishment as provided by

8  Article I, section 17, of the California Constitution ("[c]ruel or unusual punishment may not be

9  inflicted or excessive fines imposed").

10         As defendant accurately contends, there is no private cause of action for damages

11  under the state cruel and unusual punishment clause.  See Giraldo v. California Dept. of

12  Corrections and Rehabilitation, 168 Cal. App. 4th 231, 253-56 (2008) ("there is no basis to

13  recognize a claim for damages under article 1, section 17 of the California Constitution").

14  Plaintiff's requests for injunctive relief do not implicate his allegations of cruel or unusual

15  punishment.

16         Accordingly, the court will recommend dismissal of plaintiff's state constitutional

17  claim.

18  III.  PLAINTIFF'S MOTIONS FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT
        AND/OR A SUPPLEMENTAL COMPLAINT

19

20         Plaintiff moves for leave to file a further amended and/or supplemental complaint.

21  Pursuant to Rule 15, Federal Rules of Civil Procedure, once an answer has been filed, a party

22  may amend a pleading only by leave of court or by written consent of the adverse party.

23  Fed. R. Civ. P. 15(a).   A court should freely grant leave to amend when justice so requires.  Id.;

24  Foman v. Davis, 371 U.S. 178, 182 (1962).  As the Supreme Court has articulated:

25         In the absence of any apparent or declared reason– such as undue delay, bad faith
           or dilatory motive on the part of the movant, repeated failure to cure deficiencies
26         by amendments previously allowed, undue prejudice to the opposing party by

1    virtue of allowing the amendment, futility of the amendment, etc.– the leave
2    sought should, as the rules require, be "freely given."

3    Foman, 371 U.S. at 182.  "Liberality in granting a plaintiff leave to amend is subject to the

4    qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad

5    faith, and is not futile.  Additionally, the district court may consider the factor of undue delay

6    [although] [u]ndue delay by itself . . . is insufficient to justify denying a motion to amend."

7    Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999).

8          The rules governing supplemental complaints are more restrictive.  "Rule 15(d)

9    provides that a court may permit a party to serve a supplemental pleading setting forth

10   transactions, occurrences, or events that have happened since the filing of the pleading to be

11   supplemented, thereby bringing the case up to date.  Leave must be sought by motion, upon

12   reasonable notice to the other parties, and the court may impose such terms as are just.  The

13   purpose of subdivision (d) is to promote as complete an adjudication of the dispute between the

14   parties as is possible."  Wright, Miller, Kane & Marcus, 6A Fed. Prac. & Proc. Civ. § 1504 (2d

15   Ed. 2010).

16          In support of his proposed Fifth Amended Complaint (Dkt. No. 76), plaintiff

17   asserts that he "has experienced a continuous and consistant [sic] pattern of similar conduct in

18   which caused Plaintiff to initiate this action [sic]," which he believes is also actionable pursuant

19   to the Eighth Amendment, and that he therefore seeks to join additional defendants whose

20   conduct "could possibly be related to the transaction and occurrence [sic] that gave rise to the

21   original pleadings" (Dkt. No. 77, at 1-2.)   The proposed complaint seeks to name the Director of

22   the California Department of Corrections and Rehabilitation, and administrators and staff at

23   California State Prison-Corcoran, for alleged deliberate indifference to plaintiff's serious medical

24   needs "from January 28, 2008 thru Present date of this Complaint [December 2009]."  (Dkt.

25   No. 76, at 2-3.)  Plaintiff alleges that he was housed at the CSP-C Security Housing Unit from

26   December 2007 to October 2009, and suffered a back injury on January 28, 2008, for which he

16

allegedly received inadequate response by correctional staff and inadequate medical care by

medical staff.  The proposed complaint ends before the completion of plaintiff's statement of

facts.

Plaintiff's motion for leave to file a supplemental complaint (Dkt. No. 86) is

virtually identical to his motion for leave to file an amended complaint (Dkt. No. 77).  The

proposed "Supplemental Complaint" names as defendants the Chief Medical Officer at CSP-C's

Substance Abuse Treatment Facility, and three CSP-C physician assistants.  (Dkt. No. 87, at 2,

9.)  Plaintiff states that he was transferred to CSP-C Substance Abuse Treatment Facility on

October 13, 2009, and alleges that he has since been prescribed medication that has caused

significant adverse side effects and allergic reactions.  This proposed complaint, like the former,

abruptly ends within the statement of facts.

In addition to the inherent inadequacies of these pleadings under Federal Rule of

Civil Procedure 8, neither satisfies the requirements for authorizing additional pleadings in this

action.  Each proposed complaint challenges different conduct by different people, and neither

names the only current defendant.  The challenged conduct arose at different times in different

facilities – October 2007 at HDSP (operative Fourth Amended Complaint), January 2008 at CSP-

C Security Housing Unit (proposed Fifth Amended Complaint), and October 2009 at CSP-C

Substance Abuse Treatment Facility (proposed Supplemental Complaint).  Unrelated claims

against unrelated defendants belong in different suits.  Fed. R. Civ. P. 20(a)(2)(A),(B); Aul v.

Allstate Life Ins. Co., 993 F.2d 881, 884 (9th Cir.1993) ("A claim based on different rights and

established by different transactional facts will be a different cause of action").  The fact that

plaintiff makes Eighth Amendment claims against all putative defendants does not establish

common questions of law or fact.

Additionally, the Prison Litigation Reform Act ("PLRA") requires full exhaustion

of administrative remedies before commencing any action with respect to prison conditions.

42 U.S.C. § 1997e; Kinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (holding PLRA

1   requires exhaustion of administrative remedies prior to filing suit).  Plaintiff could not possibly

2   have exhausted his administrative remedies as to the conduct challenged in his currently

3   proposed complaints when he filed the instant action on December 27, 2007.  Thus, even if

4   plaintiff could demonstrate shared transactional facts, his new claims would be subject to a

5   successful motion to dismiss due to failure to exhaust.  Further amendment would therefore be

6   futile.  Moreover, given the extensive history of amendment in this action, further amendment,

7   even if advisable, would unduly delay this action.

8          Plaintiff's motion to file a supplemental complaint is even more tangential.

9   Because plaintiff's proposed complaints fail to re-allege any claims against defendant Dudley,

10   allowing the supplemental complaint would effectively dismiss Dudley.  Elucidation of

11   subsequent related events, not dismissal, is the purpose of Rule 15(d), and cannot be served by

12   substituting defendants and unrelated events .  In sum, there is no support for plaintiff's efforts to

13   supplant his current complaint with one setting forth unrelated and unexhausted claims against

14   new defendants at different facilities.

15          Accordingly, the court will deny plaintiff's motions to file an amended and/or

16   supplemental complaint.  Plaintiff is cautioned that any further attempt to amend or supplement

17   the operative complaint will be viewed with disfavor and, absent relevant and necessary further

18   allegations as to defendant Dudley, as a deliberate effort to further delay this action warranting

19   the imposition of sanctions, including the possibility of dismissing this action.

20   IV.  PLAINTIFF'S REQUEST FOR INTERVENTION

21          On January 15, 2010, plaintiff filed a one-paragraph "Request for Intervention" to

22   obtain preliminary injunctive relief (Dkt. No. 82), which defendant opposed (Dkt. No. 83), to

23   which plaintiff filed a reply (Dkt. No. 89).  The "Request" noted "extreme difficulties" in

24   plaintiff obtaining access to the law library and preparing his legal materials due to the

25   "discriminatory conduct" of Correctional Officer Stevens.  Plaintiff "request[s] the Court's

26   intervention in Granting the Preliminary Injunctive Relief as set fourth [sic] in Plaintiff's 4th

1   Amended Complaint" (Dkt. No. 82, at 1), apparently referencing plaintiff's efforts to obtain an

2   order of this court directing prison officials to allow plaintiff to engage in activities related to this

3   litigation and to refrain from retaliation against plaintiff, or other inmates assisting plaintiff,

4   because he filed this action.  (Dkt. No. 59, at 9-10.)

5          "It is now established beyond doubt that prisoners have a constitutional right of

6   access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also, Ching v. Lewis,

7   895 F.2d 608, 609 (9th Cir. 1990).  In order to state a denial of access claim under the First

8   Amendment, a prisoner must show that he suffered an "actual injury" as a result of the

9   defendants' actions by explaining how the challenged official acts or omissions hindered

10  plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55

11  (1996).  Plaintiff must show "actual prejudice with respect to contemplated or existing litigation,

12  such as the inability to meet a filing deadline or to present a claim." Id. at 348. Actual injury may

13  be shown if the denial "hindered his efforts to pursue a legal claim," such as having his

14  complaint dismissed for "for failure to satisfy some technical requirements" or if he "suffered

15  arguably actionable harm that he wished to bring before the courts, but was so stymied [by the

16  denial] that he was unable even to file a complaint." Id. at 351.

17         Defendants oppose this motion on the ground that plaintiff has had ample access

18  to prison legal resources.  (Dkt. No. 83.)  Defendants have provided records of, inter alia,

19  plaintiff's legal document processing requests and law library logs which demonstrate that

20  plaintiff used the law library on December 1, 2, 9, 22, 30, 2009, and January 12, 28 and

21  February 3, 2010, and that he obtained photocopies and envelopes on January 26 and February 3,

22  2010.  (Id. at 2; Dkt. No. 83-2, at 2-8.)

23         Plaintiff responds that defendant's documentation demonstrates that plaintiff has

24  had only five hours in the law library and should have had at least thirty hours.  (Dkt. No. 89.)  He

25  alleges that his placement in administrative segregation has unfairly contributed to this disparity.

26  ////

1   Plaintiff has attached numerous documents including administrative grievances plaintiff has

2   pursued relative to these matters.

3         Plaintiff's numerous filings in this case do not demonstrate that plaintiff has been

4   prejudiced by any alleged denial of access to the law library.  Even if plaintiff has been denied

5   adequate access to the legal resources available at his institution, and plaintiff has exhausted his

6   administrative remedies relative thereto, the allegations are not encompassed within the claims set

7   forth in plaintiff's complaint and therefore belong in different actions.  The same is true of

8   plaintiff's anticipatory requests for injunctive relief set forth in his Fourth Amended Complaint –

9   absent administrative exhaustion of his denial of access claim and a suit based upon that claim,

10  plaintiff is unable to obtain a court order directing institutional accommodation to plaintiff's legal

11  research and preparation needs.

12        Accordingly, the court will recommend that plaintiff's "Request for Intervention"

13  to obtain preliminary injunctive be denied.

14  V.  <u>DEFENDANT'S REQUEST FOR CONSENT FORM</u>

15        Counsel for sole defendant Dudley has filed a status report (Dkt. No. 95) which

16  notes in part that plaintiff  consented to the jurisdiction of the magistrate judge on April 30, 2008

17  (Dkt. No. 16), but that defendant has not yet been served with the standard form seeking

18  defendant's consent.  Accordingly, the Clerk of Court will be directed to send defendant the

19  standard form for indicating whether defendant consents to the jurisdiction of the magistrate judge

20  for all purposes.

21  VI.  <u>CONCLUSION</u>

22        For the foregoing reasons, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's motion for leave to file a Fifth Amended Complaint (Dkt. No. 77) is

24  denied;

25        2. Plaintiff's motion for leave to file a Supplemental Complaint (Dkt. No. 86) is

26  denied; and

3.  The Clerk of Court is directed to send defendant the standard form for indicating whether defendant consents to the jurisdiction of the magistrate judge for all purposes.

Further, IT IS HEREBY RECOMMENDED that:

1.  Defendant's motion to dismiss (Dkt. No. 62) plaintiff's state tort claim be denied;

2.  Defendant's motion to dismiss (Dkt. No. 62) plaintiff's state constitutional claim be granted; and

3.  Plaintiff's "Request for Intervention" to obtain preliminary injunctive relief (Dkt. No. 82) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 19, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

year2800.mtd.fin

21